IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


BARRY MICHAEL PRATT, JR.                                      PLAINTIFF

v.                              Civil No. 1:22-cv-01040-BAB

DEPUTY CEARLY[1]; and
LIEUTENANT BILLY PERRY                                        DEFENDANTS


**MEMORANDUM OPINION**

This is a civil rights action filed *pro* se by Plaintiff, Barry Michael Pratt, Jr., under 42 U.S.C. § 1983.  On November 3, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (ECF No. 20).

Plaintiff names as Defendants Deputy Kyle Clearly and Lieutenant Billy Perry.  Plaintiff claims Defendants violated his constitutional rights in both their individual capacities as well as official capacities.  Currently before the Court, is Defendants' Motion for Summary Judgment (ECF No. 30).  Plaintiff responded to the Motion for Summary Judgment with a Motion to Proceed to Trial. (ECF No. 35).

I.      BACKGROUND

Plaintiff is not currently incarcerated.  The claims here arose from Plaintiff's arrest in El Dorado, Arkansas on September 9, 2018.  Plaintiff filed the instant Complaint on July 22, 2022 in

---

[1] Defendant Kyle Clearly is incorrectly identified in the Complaint as Deputy Cearly.  See Answer, ECF No. 16.

this District.  In his Complaint, Plaintiff alleges he was subjected to excessive force during his arrest.  It is undisputed Defendants arrested Plaintiff at his aunt's home on September 9, 2018, and Plaintiff suffered a head injury through the course of the arrest.  (ECF No. 1).

The parties do not dispute the fact Plaintiff originally filed a separate lawsuit, in the Eastern District of Arkansas, asserting this same excessive force claim.  *Pratt v. Perry, et al.,* Civil No. 4:20-cv-00754-KGB, at Plaintiff's Complaint, ECF No. 1 (E.D. Ark. June 15, 2020).  In Plaintiff's June 15, 2020 Complaint, Plaintiff included Defendant Perry and a John Doe officer as the defendants.  The Honorable Kristine G. Baker dismissed Plaintiff's Complaint on January 25, 2021 for failure to update his address, file a completed *in forma pauperis* application, or pay the filing fee in accordance with court orders.  *Pratt v. Perry, et al.,* Civil No. 4:20-cv-00754-KGB, Order and Judgment, ECF Nos. 6-7 (E.D. Ark. Jan. 25, 2021).  The dismissal was without prejudice.[2] *Id.*

Defendants filed a Motion for Summary Judgment with Brief in Support and Statement of Undisputed Facts on February 17, 2023.  (ECF Nos. 30, 31, 32).  Defendants argue, Plaintiff's excessive force claim is barred by the applicable statute of limitations and cannot be "saved" by the Arkansas "saving statute."  (ECF No. 31).

Plaintiff responded with a Motion to Proceed to Trial.  (ECF No. 35).  The Court construed this as a response to Defendants' Motion for Summary Judgment.  Plaintiff argues this case was originally filed in 2020 but dismissed for "mootness."  Plaintiff then reopened it in 2022 with the instant Complaint.  Further, Plaintiff notes he did not name Defendant Clearly in his 2020

---

[2] The Court takes judicial notice of all documents and filings in *Pratt v. Perry, et al.,* Civil No. 4:20-cv-00754-KGB (E.D. Ark. Jan. 25, 2021).  *See Stutzka v. McCarville*, 420 F.3d 757, 760, n. 2 (8th Cir. 2005) (explaining a court may enlarge the record to consider judicial opinions and public records).

2

Complaint by name but instead as a "John Doe." (ECF No. 35, p. 1).[3]

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official

---

[3] Plaintiff goes on to argue facts related to the use of excessive force, his injuries, and the Defendants' histories and behaviors. (ECF No. 35, pp. 2-4). The Court finds these facts irrelevant to its analysis of the statute of limitations issue.

capacities.  The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity.  *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted).  "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself."  *Id.*  Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims.  *Id.*  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983.  *See Daniels v. Williams*, 474 U.S. 327 (1986); *See also Davidson v. Cannon*, 474 U.S. 344 (1986).

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."  *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  To sustain an official capacity claim against such an entity a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury."  *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).  Thus, Plaintiff's official capacity claims against County Defendants are "functionally equivalent," *Veatch*, 627 F.3d at 1257, to alleging their employer, Miller County, had "a policy, custom, or [took an] official action" that deprived him of his constitutional rights, *Johnson*, 452 F.3d at 973.

4

To establish a claim for "custom" liability, Plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the official of that misconduct; and

3) That Plaintiff was injured by acts pursuant to the government entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty Medical Dept.*, 725 F.3d 825, p. 828 (8th Cir. 2013).  "A single deviation from a written, official policy does not prove a conflicting custom." *Id.* (quoting *Wedemeier v. City of Ballwin, Mo.,* 931 F.2d 24, 26 (8th Cir. 1991)).

## III. DISCUSSION

Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose. *Miller v. Norris,*  247 F3d 736, 739 (8th Cir. 2001).  In Arkansas that limitation is three years.  Ark. Code Ann. § 16-56-105 (2005); *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007) (explaining the Arkansas three-year statute of limitations applies to Section 1983 excessive force claims against officers) (citing *Morton v. City of Little Rock,* 934 F.2d 180, 182 (8th Cir. 1991)).  The Arkansas Saving Statute also applies to Section 1983 claims if an Arkansas plaintiff files a timely action and then "suffers a nonsuit."  Meaning the plaintiff "may commence a new action within one (1) year" of the dismissal of his first non-suited action.  *Baker*, 501 F.3d at 922 (quoting Ark. Code Ann. § 16-56-126).  However, "only causes of action pleaded in the non-suited action are tolled by the one-year savings statute."  *Id*. at 922-23 (citing *Dillaha v. Yamaha Motor Corp.,* 23 F.3d 1376, 1377-78 (8th Cir. 1994)).

Here, it is undisputed the alleged excessive force occurred on September 9, 2018.  It is also undisputed, Plaintiff filed his original suit in the Eastern District of Arkansas on June 15, 2020.

Finally, it is undisputed Plaintiff's Eastern District of Arkansas Complaint was dismissed without prejudice on January 25, 2021.

Plaintiff filed the instant action on July 22, 2022—three years and ten months after the incident occurred. Plaintiff's claim is time barred unless tolled by the Arkansas Saving Statue. The Saving Statute requires the new action be filed "within one (1) year after the nonsuit suffered or judgment arrested or reversed." Ark. Code Ann. § 16-56-126 (2023). Plaintiff filed this action on July 22, 2022[4]—approximately eighteen months after his initial action was dismissed, on January 25, 2021, by the Eastern District of Arkansas. Accordingly, Plaintiff's claim is barred by the applicable three-year statute of limitations, and Defendants are entitled to summary judgment.

## IV.   CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 30) is **GRANTED** and all of Plaintiff's claims against Defendants are **DISMISSED** with prejudice.

**IT IS SO ORDERED this 14th day of September 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's instant Complaint was postmarked July 20, 2022 from the Union County Detention Center. Accordingly, even if the prisoner mailbox rule applied, Plaintiff still cannot meet the one-year Saving Statute grace period. *See Sulik v. Taney Cty.,* 316 F.3d 813, 814-15 (8th Cir. 2003), overruled on other grounds, 393 F.3d 765 (8th Cir. 2005); *see also United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline.").